UNITED STATES of America,
Appellant,

v.

Paul E. SWEET.

No. 22554.

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 9, 1970.

Decided Jan. 25, 1971.

Mr. Marshall Tamor Golding, Atty., Department of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Messrs. David G. Bress, U. S. Atty. at the time the brief was filed, and Scott R. Schoenfeld, Asst. U. S. Atty. at the time the brief was filed, were on the brief, for appellant. Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry

and Robert P. Watkins, Asst. U. S. Attys., also entered appearances for appellant.

Mr. Bernard W. Kemp, Washington, D. C. (appointed by this Court), for appellee.

Before McGOWAN and TAMM, Circuit Judges, and GORDON,* U. S. District Judge, Eastern District of Wisconsin.

PER CURIAM:

At the oral argument of this appeal, the government asserted that it received no notice that the trial court had established the September 30 deadline for the trial of this case. We are unable to discern from the record that is before us whether this contention is correct.

The record shows that Mr. Sweet was detained for a parole violation while the instant prosecution was pending. A delay in the trial of this case may have deprived him of the opportunity to serve a concurrent sentence with that involved in the parole revocation. Smith v. Hooey, 393 U.S. 374, 379, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). The trial court made no finding regarding the matter of prejudice to the accused as a result of the delay in the trial.

We conclude that this case should be remanded to the trial court to enable it to determine if the United States was given notice of the trial deadline and also if the delay in the trial was prejudicial to the defendant. In our opinion, a dismissal with prejudice may not stand if either finding is made in favor of the government. Thus, if the government was not given notice of the September 30 deadline, or if the delay in the trial was not prejudicial to the defendant, the trial court is directed either to vacate its order of dismissal or to amend such order to provide that the dismissal be without prejudice. On the other hand, if the trial court finds that the government had notice of the September 30 deadline and

also that Mr. Sweet was prejudiced by the delay in the trial, the trial court is directed to reinstate its order of dismissal with prejudice.

Remanded, with directions.